UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON L. DEVANEY,<br><br>         Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>         Defendant. | No. CV- 13-278-JPH<br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment. ECF Nos. 23 and 25. On May 19, 2014 Plaintiff filed a reply. ECF No. 26. The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the parties' briefs, the court **grants** defendant's motion for summary judgment, **ECF No. 25**.

**JURISDICTION**

Devaney applied for disability insurance benefits (DIB) and supplemental

ORDER - 1

security income (SSI) benefits on August 3, 2010, alleging onset beginning March 10, 2006 (Tr. 194-212). Benefits were denied initially and on reconsideration (Tr. 139-42, 145-58). ALJ James W. Sherry held a hearing April 10, 2012. Devaney and a vocational expert testified (Tr. 52-84). The ALJ issued an unfavorable decision May 16, 2012 (Tr. 26-39). The Appeals Council denied review June 4, 2013 (Tr. 1-3). The matter is now before the Court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 31, 2013. ECF No. 1, 5.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are briefly summarized here and as necessary to explain the court's decision.

Devaney was 32 years old at onset and 38 at the first hearing. He quit school in the twelfth grade but earned a GED. He worked as a custodian. He has not worked since 2007 because he suffers stomach problems, neck, back and shoulder pain, headaches, breathing and sleep problems, and depression. Five days a week he naps for two to three hours because of pain. He can sit for two hours and stand for an hour (Tr. 59, 62-67, 69, 71-77, 226, 278).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process or determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments

ORDER - 3

acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. §404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

     The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful

activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20,

22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Sherry found Devaney was insured through December 31, 2013 (Tr. 26, 28). At step one, the ALJ found Devaney did not work at SGA levels after onset (Tr. 28). At steps two and three, the ALJ found he suffers from lumbar degenerative disc disease (DDD) with stenosis; bilateral shoulder acromioclavicular (AC) joint and glenohumeral joint degeneration, right more than left; lumbago and minor cervical degenerative changes, impairments that are severe but do not meet or medically equal a listed impairment (Tr. 28-29). The

ALJ found Devaney less than fully credible (Tr. 31). He found Plaintiff is able to perform a range of light work (Tr. 29). At step four, relying on a vocational expert's testimony, the ALJ found Devaney is unable to perform his past relevant work (Tr. 37, 77-79). At step five, again relying on the VE, the ALJ found Devaney can perform other jobs such as laundry worker, parking lot attendant and housekeeper/cleaner (Tr. 37-38, 79). The ALJ concluded Devaney was not disabled from onset through date of the decision (Tr. 38).

## ISSUES

Devaney alleges the ALJ erred when he assessed credibility and the medical evidence. ECF No. 23 at 10-11. The Commissioner asks the court to affirm, alleging the ALJ applied the correct legal standards and the decision is supported by substantial evidence. ECF No. 25 at 2.

## DISCUSSION

*A. Credibility*

Devaney challenges the ALJ's credibility assessment. ECF No. 23 at 10-11.

To aid in weighing the conflicting medical evidence, the ALJ evaluated Devaney's credibility. Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). It is the province of the

ORDER - 7

ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reason for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ's reasons are clear and convincing.

The ALJ notes Devaney's allegations exceeded objective findings during examinations and on radiology reports (Tr. 31-33; Tr. 272-73, 282, 284, 289, 293, 297-98, 305, 309, 323, 329, 346, 374, 383, 415 (MRI of right shoulder and exam of both shoulders "quite benign"); 436, 473)). Statements have been inconsistent (Tr. 33). Devaney testified headaches cause significant problems, but this is not well documented in the medical record. The ALJ states Devaney did not mention headaches to providers until January 2012 (Tr. 34, citing Tr. 472). This is error, but harmless. The record shows Devaney complained of headaches once in January 2011(said neck pain seems to trigger headaches) and once in May 2011 (complains of migraines) (Tr. 339, 415). He testified he suffers headaches daily and they last all day even with taking pain medication (Tr. 66-67). The ALJ's reasoning is correct: the record does not support Devaney's testimony he suffers severe headaches daily since he did not report this to his treatment providers.

ORDER - 8

Devaney testified he was not helped and was actually made worse by physical therapy, but records contradict this (Tr. 33, 65, 75, 302, 335, 339). Devaney testified he sometimes blacks out yet he has also failed to report syncope or dizziness to providers (Tr. 34, 68, *see generally* Ex. 3F; Tr. 304, 323, 328, 382, 388, 396, 434). He testified he requires daily naps lasting several hours; similarly, he never mentioned this to treatment providers (Tr. 35, 64). Devaney denied problems with drugs or alcohol. The record clearly shows he smokes marijuana. There is a reference to a medical marijuana card, but Devaney failed to state in his testimony that he has one. There is evidence of drug seeking behavior (Tr. 35, 74, 271-72, 278, 281-82, 285-86, 288, 292, 296, 322, 370-72, 434, 472). There is some evidence Devaney has not always consistently followed through with medical treatment, including taking prescribed medication (Tr. 34, 271, 273, 277, 279, 288-289, 296, 339, 388, 396). At the hearing Devaney did not mention activities such as walking for exercise five times a week but repeatedly reported this activity to providers. He told a doctor he fell off of a deck while directing traffic at his residence (Tr. 35, referring to Tr. 272, 278, 285-86, 293, 297).

The ALJ's reasons are clear, convincing and supported by the record. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005)(lack of medical evidence is properly considered as long as it is not the sole basis for discounting pain testimony, daily activities are properly considered); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th

ORDER - 9

Cir. 2002)(proper factors include inconsistencies in claimant's statements and inconsistencies between statements and conduct); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)(unexplained noncompliance with medical treatment is properly considered).

*B. Weighing opinion evidence*

Devaney alleges the ALJ should have given more credit to the opinions of Drs. Candelaria and Barrett. ECF No. 23 at 10-12, referring to Tr. 266-70, 430-33. The Commissioner answers that the ALJ's reasons for rejecting these contradicted opinions are specific and legitimate. ECF No. 25 at 11-17.

Treating physician Gary M. Candelaria, D.O., assessed Devaney's condition on April 23, 2010, about four years after onset. Dr. Candelaria opined he was unable to work even at a sedentary level due to problems with a learning disability, lumbar stenosis and lumbar degenerative joint disease (DJD)(ability to work is zero hours per week). Dr. Candelaria opined Devaney would have difficulty with comprehension and following instructions. Back pain limits lifting to less than ten to fifteen pounds (Tr. 266-67). He expected back problems to last six months, noted Devaney awaited a neurosurgery evaluation and may benefit from physical therapy or injections. He opined further assessment of Devaney's learning disability was needed (Tr. 36, 266-270, 271-301).

The ALJ rejected this contradicted opinion because it was inconsistent with

the medical evidence, including treatment notes from Candelaria's own clinic, the Whitman Medical Group. Exams showed that objective findings were largely benign, with no range of motion limitations, no motor strength deficits, no gait impairment and normal straight leg raises when tested (*see e.g.,* Tr. 283-84, 289). The ALJ points out Dr. Candelaria had no documentation of a learning disorder. The doctor's notes indicate there is a "[k]nown learning disability. This has been documented by full comprehensive psychological and mental capacity testing." The ALJ is correct that Dr. Candelaria's records do not contain any documentation, and he (Dr. Candelaria) opined further testing should be done (Tr. 36, 267, 288). Test results elsewhere in the record show average IQ scores (Tr. 34, 452).

More importantly, a lifelong learning disorder causing difficulty with comprehension and following instructions is inconsistent with Devaney's ability to work for many years, as the ALJ points out. Devaney worked fulltime as a janitor at a college for 13 years (Tr. 227). The VE testified limitations associated with such a disorder would not preclude other work at step five (Tr. 34-35, 38, 62, 212-19, 223 (noting no perceived reading difficulties during a 48 minute telephone interview; claimant was on time, and prepared with application and medical information), Tr. 266). Any error is harmless because Delaney fails to identify any more restrictive limitations caused by a learning disorder that the ALJ should have included. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007)(error at step two

ORDER - 11

harmless when ALJ considers limitations caused by nonsevere impairments).

The ALJ observes Dr. Candelaria's assessed limitation of "walking only for brief periods" is inconsistent with Devaney's reported functioning, including reports he walked for exercise five days a week (Tr. 31, 36, 267, 272, 282, 289, 293-94, 296-98). The ALJ's reasons are specific, legitimate and supported by substantial evidence.

Devaney alleges the ALJ should have credited the limitations assessed by Andrea J. Barrett, M.D. On January 7, 2011. ECF No. 23 at 11-12. She opined Devaney is unable to perform even sedentary work due to back problems and bilateral shoulder instability.

The ALJ notes Dr. Barrett admitted she does not treat Devaney for back problems. Her opinion is also inconsistent with other evidence, such as Devaney's reported activities. She observed his demonstration of physical therapy exercises was "very exaggerated and broad" (Tr. 36, 336-66, 430-33).

The ALJ may properly reject a physician's contradicted opinion that is inconsistent with the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007)(citation omitted). Opinions premised on Plaintiff's subjective complaints and testing within Plaintiff's control is properly given the same weight as Plaintiff's own credibility. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

Devaney alleges the ALJ should have found at step two he suffers from the severe impairment of a learning disorder. He is incorrect. The ALJ properly found a learning disorder did not significantly limit Delaney's ability to perform basic work activities, the appropriate analysis for finding an impairment severe at step two. *See Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001). As noted the ALJ observed Devaney was able to work for many years despite an alleged learning disability, and the VE testified limitations associated with such a disorder would not preclude other work at step five (Tr. 38). There was no harmful error.

It is the ALJ's province to resolve ambiguity in the record, such as the contradicted medical opinions Devaney cannot perform even sedentary work. Although Devaney alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

The ALJ's reasons for rejecting more dire limitations are specific, legitimate and supported by substantial evidence. The ALJ assessed an RFC that is consistent with the record as a whole. There was no harmful error.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of legal error.

**IT IS ORDERED**:

ORDER - 13

Case 2:13-cv-00278-JPH   Document 27   Filed 06/09/14

1. Defendant's motion for summary judgment, **ECF No. 25**, is **granted.**

2. Plaintiff's motion for summary judgment, ECF No. 23, is denied.

The District Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant, and **CLOSE** the file.

DATED this 9th day of June, 2014.

<p style="text-align:center"><u>s/James P. Hutton</u><br>
JAMES P. HUTTON<br>
UNITED STATES MAGISTRATE JUDGE</p>

ORDER - 14